UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
STEPHANIE BROWN et al.,                         :
                                                :
                            Plaintiffs,         :        23-CV-8336 (JMF)
                                                :
            -v-                                 :        ORDER APPROVING
                                                :              SETTLEMENT
CITY OF NEW YORK,                               :
                                                :
                            Defendant.          :
                                                :
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      The parties in this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, advised the Court that they had agreed to a settlement. *See* ECF No. 38. By Order entered May 31, 2024, ECF No. 39, the Court directed the parties to submit a joint letter explaining the basis for the proposed settlement and why it should be approved, with reference to the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). After the parties submitted their joint letter requesting approval of the settlement, the Court expressed preliminary concern about the amount of the proposed attorney's fees. *See* ECF Nos. 40, 42. The parties then submitted, pursuant to the Court's June 21, 2024 Order, revised time records omitting time that Plaintiffs' attorney spent on soliciting other clients. *See* ECF No. 44. Earlier today, the Court held a teleconference to discuss the reasonableness of the proposed attorney's fees.

      The Court, having reviewed the parties' revised letter and time records, ECF No. 44, finds that the settlement is fair and reasonable, given both the nature and scope of the Plaintiffs' individual claims as well as the risks and expenses involved in additional litigation. *See Wolinsky*, 900 F. Supp. 2d at 335-36. Although the FLSA places "strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver," *id.* at 335 (citation omitted), these concerns are not as relevant when the plaintiff no longer works for the defendant, as is the case here, *see, e.g.*, *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) (fact that plaintiffs are "no longer employees of the defendants . . . reduc[es] the danger that the release was obtained through improper job-related pressure").

      The settlement approval is subject to the following condition: Any modification of the settlement agreement must be approved by the Court, regardless of any provision in the agreement that purports to allow the parties alone to modify it.

In addition, Plaintiff seeks approval of $11,000 in attorney's fees and costs. *See* ECF No. 40, at 3. Although the proposed award of attorney's fees is high relative to the size of the Plaintiffs' claim and recovery, the Court sees no basis to reduce the fee where, as here, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiffs and their attorneys. *See Fisher v. SD Protection Inc.*, 948 F.3d 593, 602 (2d Cir. 2020) (holding that a fee may not "be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation"); *Picerni v. Bilingual Seit & Preschool Inc.*, 925 F. Supp. 2d 368, 377 n.3 (E.D.N.Y. 2013) ("Unless there is a basis to presume conflict and antagonism between the plaintiff and his attorney — i.e., that the plaintiff's attorney is receiving a larger fee at the expense of his client's wage claim . . . then the basis upon which the attorney's fee is determined should be of no interest to the court, just as it is of no interest in most other kinds of private litigation.").

Accordingly, the Court approves the settlement subject to the condition addressed above. The Court dismisses the case with prejudice. All pending motions and deadlines are moot.

The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: June 28, 2024
      New York, New York

                                             JESSE M. FURMAN
                                          United States District Judge